# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SNYDER INSURANCE SERVICES,
INC. and RAYMOND F. SNYDER,

       **Plaintiffs,**

v.

                                        **Case No. 16-2535-DDC-GEB**

KULIN-SOHN INSURANCE AGENCY,
INC. and MARK R. SOHN,

       **Defendants.**

---

## MEMORANDUM AND ORDER

On October 15, 2018, plaintiffs filed a Motion for Voluntary Dismissal Without Prejudice under Federal Rule of Civil Procedure 41(a)(2). Doc. 45. Defendants filed a Response (Doc. 47) opposing plaintiffs' motion. And plaintiffs filed a Reply (Doc. 50). Defendants argue that the court should deny plaintiffs' motion entirely. Alternatively, defendants argue that the court should impose conditions on dismissal—namely, awarding defendants their costs and attorneys' fees. After considering the parties' arguments and the relevant law, the court grants plaintiffs' motion to dismiss without prejudice, but imposes certain conditions.

## I.      Facts

Plaintiff Snyder Insurance is an insurance brokerage company, which specializes in insuring amateur sports and children's fitness centers across the country. Plaintiff Raymond Snyder owns Snyder Insurance and serves as president and as an agent for the company. Defendant Kulin-Sohn is an Illinois-based insurance company, owned by defendant Mark R. Sohn. Plaintiffs have sued defendants for defamation and tortious interference with prospective

business relations. In short, plaintiffs allege that defendants told several of plaintiffs' clients that plaintiffs had lied to them, misled them about their insurance coverage, and misled other gyms about their insurance coverage. As a result, plaintiffs contend that these clients did not renew their policies with plaintiffs, causing lost business, commissions, and broker fees.

This case has progressed very little since plaintiffs filed it more than two years ago. Plaintiffs filed suit in state court in 2016. On August 1, 2016, defendants removed to this court. Doc. 1. Plaintiffs twice have amended their Complaint (Docs. 5, 32), and defendants have moved to dismiss four times (Docs. 3, 6, 12, 33). After the court's Memorandum and Order denying defendants' most recent Motion to Dismiss, defendants filed an Answer on June 20, 2018. Doc. 39. So, in about two years, the parties have completed the pleading stage—at least for now.

Magistrate Judge Gerald L. Rushfelt issued a Revised Scheduling Order (Doc. 35) on March 26, 2018. Judge Rushfelt set trial for July 9, 2019. He directed the parties to complete all discovery by November 2, 2018, and file all dispositive motions by November 9, 2018. Doc. 35 at 1. And, the Order directed plaintiffs to disclose their experts by May 18, 2018.

On October 15, 2018, plaintiffs filed a Motion for Voluntary Dismissal Without Prejudice (Doc. 45). Defendants filed a Response (Doc. 47) on November 5, 2018. Two days later, defendants also filed a Motion for Summary Judgment (Doc. 48). Plaintiffs filed a Reply (Doc. 50) to defendants' Response and then filed an Unopposed Motion for Extension of Time of Motion for Stay or Extension of Summary Judgment Briefing (Doc. 51). The court granted the Unopposed Motion and then extended plaintiffs' deadline to 21 days after the court rules on plaintiffs' Motion for Voluntary Dismissal Without Prejudice to file their Response to

defendants' Motion for Summary Judgment, assuming the court's ruling on plaintiffs' Motion does not moot defendants' Motion for Summary Judgment.

## II.     Legal Standard

Rule 41(a)(2) provides that the court may allow a plaintiff to dismiss an action voluntarily "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (quotation omitted). So, "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (first citing *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991); then citing *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986)).

The legal authorities don't provide a clear definition of "legal prejudice," but the Tenth Circuit has directed district courts to consider the following list of non-exhaustive factors as a starting point: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation. *Id.* (citing *Phillips U.S.A.*, 77 F.3d at 358). The court may consider other factors. *Id.* "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.* (citing *Phillips U.S.A.*, 77 F.3d at 358).

But, legal prejudice "does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice." *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) (citing *Am. Nat'l Bank &*

*Trust Co.*, 931 F.2d at 1412).  Ultimately, "'the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff.'"  *Lienemann v. Glock, Inc.*, No. 08-2484, 2009 WL 1505542, at *2 (D. Kan. May 27, 2009) (quoting *Cty. of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir. 2002)).

When considering the relative equities and endeavoring to insure substantial justice, the court may impose "terms and conditions as the court deems proper."  *Brown*, 413 F.3d at 1123 (internal citation omitted).  Any "conditions should keep the parties in the same position in a subsequent lawsuit that they occupied before the plaintiff filed its motion to dismiss." *AgJunction LLC v. Agrian Inc.*, No. 14-CV-2069-DDC-KGS, 2015 WL 416444, at *4 (D. Kan. Jan. 30, 2015) (citing *Pyles v. Boeing Co.*, 109 F. App'x 291, 294 (10th Cir. 2004)).  If the court imposes conditions on dismissal, the "moving party must be given a reasonable opportunity to withdraw his motion if he finds those conditions unacceptable or too onerous."  *Gonzales v. City of Topeka*, 206 F.R.D. 280, 283 (D. Kan. 2001) (internal citations and quotations omitted).

## III.  Legal Prejudice Analysis

The court first must determine whether defendants will sustain legal prejudice if it dismisses the case without prejudice.  Without a finding of legal prejudice, the court should dismiss.  *Ohlander*, 114 F.3d at 1537.  The parties ask the court to consider six factors:  (1) the defendants' effort and funds expended towards preparing for trial; (2) the plaintiffs' undue delay or lack of diligence in prosecuting the action; (3) the adequacy of the plaintiffs' explanation for needing to dismiss; (4) the plaintiffs' diligence in moving to dismiss; (5) the present stage of litigation; and (6) duplicative expenses involved in a likely second suit.  Doc. 47 at 3; Doc. 50 at

4; *see also Nunez v. IBP, Inc.*, 163 F.R.D. 356, 359 (D. Kan. 1995). The court will consider these six relevant factors here, below.

### A. The Opposing Party's Effort and Expense in Preparing for Trial and the Likelihood of Duplicative Expenses

The court first addresses these two factors together. Plaintiffs contend that defendants have made no showing of effort or funds expended toward actual trial preparation. Defendants argue that they have made extensive efforts in preparing for trial, including marshaling significant evidence that refutes plaintiffs' claims. Doc. 47 at 3. Defendants also filed a Motion for Summary Judgment (Doc. 48) a little over three weeks after plaintiffs filed their Motion for Voluntary Dismissal Without Prejudice. The court is unpersuaded by defendants' conclusory assertion that they have made extensive efforts for trial. Doc. 47 at 3.

First, defendants' efforts and expenses in this case to date have consisted of pre-trial work, not trial preparation. Our court has recognized a distinction between preliminary litigation matters and actual trial preparation. *See Ledford v. Kinseth Hosp. Cos.*, No. 15-1156-GEB, 2017 WL 2556020, at *4 (D. Kan. June 13, 2017) (citing *AgJunction LLC*, 2015 WL 416444, at *4). Defendants have filed several motions to dismiss, and defendants have engaged in limited discovery. But beyond efforts to "marshal[] significant facts," defendants do not identify any actual trial preparations.

Second, defendants' filing of a Motion for Summary Judgment does not change the court's conclusion. Sometimes, courts will deny a motion to dismiss because plaintiffs "should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice." *Phillips USA, Inc.*, 77 F.3d at 358. But, such a rule contemplates finding prejudice where plaintiff seeks dismissal *in response* to a dispositive motion. *See id.* at 357–58 (defendant's summary judgment motion pending for four months and plaintiff filed motion to

dismiss without prejudice days before plaintiff's response was due); *see also Ledford*, 2017 WL

2556020, at \*4 ("Additionally, Defendant filed its recent motion for summary judgment . . . *after*

Plaintiff's motion to dismiss; therefore the preparation of the summary judgment motion will not

be taken into consideration of the earlier request for dismissal."). Here, defendants filed their

Motion for Summary Judgment more than three weeks after plaintiffs sought dismissal. The

court thus does not consider defendants' Motion for Summary Judgment persuasive.

And, even had defendants filed their Motion for Summary Judgment before plaintiffs

filed their Motion for Voluntary Dismissal Without Prejudice, the court is not convinced this

filing necessitates a finding of legal prejudice. *See Ritter v. Gorecki*, No. 11-1100-CM, 2012

WL 718917, at \*2 (D. Kan. Mar. 5, 2012). In *Ritter*, the defendant filed a Motion for Summary

Judgment after the plaintiff missed her expert disclosure deadline in a medical malpractice case.

*Id.* In response, the plaintiff sought to dismiss the case voluntarily (or, alternatively, to extend

the expert disclosure deadline). *Id.* at \*1. The court evaluated the defendant's effort and

expense to prepare for trial, in part, by assessing defendant's Motion for Summary Judgment.

That motion "set out five proposed uncontroverted facts, a short procedural history, and an

argument covering about three pages" based exclusively on the fact that plaintiff had failed to

designate an expert as required by Kansas law for a medical malpractice claim. *Id.* at \*2. The

court found that the effort did not appear to be "extensive or time-consuming," and so the court

would "not find the mere fact that defendant filed a summary judgment motion to be

independently sufficient to establish legal prejudice." *Id.*

Like the summary judgment motion in *Ritter*, defendants' Motion for Summary Judgment

sets forth 12 uncontroverted facts pulled in large part from the pleadings and puts forth a three-

page argument exclusively based on plaintiffs' lack of evidence to support their claims. The

court thus finds that defendants' effort to prepare their motion—even if prepared *before* plaintiffs filed their motion to dismiss voluntarily—was not so extensive or time consuming that it will support a finding of legal prejudice.

Last, the court considers the duplicative expenses a likely second suit might impose. To the extent defendants have marshalled facts for trial through the limited discovery conducted in this case, the court finds that it can alleviate any potential prejudice by imposing curative conditions if plaintiffs refile their action. *See Brown*, 413 F.3d at 1126; *McCoy v. Whirlpool Corp.*, 204 F.R.D. 471, 473 (D. Kan. 2001); *Jenkins v. Unified Sch. Dist. No. 501*, 175 F.R.D. 582, 584 (D. Kan. 1997) (allowing dismissal without prejudice and imposing curative conditions after defendant argued that it had "committed significant effort and expense" by filing several motions to dismiss, memoranda in opposition to amend, and attending discovery and planning conferences). In *Brown*, the Tenth Circuit affirmed the dismissal of a plaintiff's lawsuit without prejudice because the court imposed two curative conditions: (1) the ability to reuse discovery in the subsequent case; and (2) defendant could seek reimbursement for duplicative expenses for "efforts and expenses expended by Defendants to date in preparing for trial in this case." *Brown*, 413 F.3d at 1126.

In this case, plaintiffs are amenable to conditioning dismissal "such that all pleadings, orders, rulings, and disclosures and documents exchanged may be used in any further proceeding." Doc. 50 at 9. Should plaintiffs pursue a second suit, this condition will put the parties in the same position they occupy now. And, as discussed in Section IV below, the court conditions a subsequent lawsuit on plaintiffs paying defendants' duplicative fees. The court thus finds that it can alleviate any potential prejudice by imposing curative conditions should

plaintiffs refile their action. In sum, the court concludes that defendants have not shown their effort and expense in preparing for trial necessitates a finding of legal prejudice.

## B. Insufficient Explanation of the Need for a Dismissal

Plaintiffs contend that after two years of prolonged motion practice, they had to reexamine whether they could continue to pursue their claim based on cost and time constraints. Defendants respond that plaintiffs knew what they were getting into when they filed suit. Defendants also argue that plaintiffs' addition of more claims earlier this year shows that plaintiffs expanded the cost and scope of the litigation voluntarily.

The court finds this factor weighs in plaintiffs' favor. *See Cty. of Santa Fe*, 311 F.3d at 1049 n.14 (reasoning that "expense and time of litigation and the uncertainty of succeeding on the merits" seemed to be an adequate reason for seeking dismissal); *see also AgJunction LLC*, 2015 WL 416444, at *9. In *AgJunction*, plaintiff sought dismissal without prejudice because it "ha[d] elected to pursue other business solutions for [its] claims rather than continuing the ongoing cost and expense to all parties in pursuing the uncertain and expensive recovery of damages for the conduct of the defendants." *Id.* (quotation omitted). This court found this reason valid because "courts frequently encourage litigants to continue to assess their position as a case unfolds. The Court will not punish plaintiff because it apparently engaged in the very critical analysis we so regularly encourage." *Id.* The court finds this reasoning persuasive again. Plaintiffs contend that they did not expect the pleading stage of the litigation to take two years. And, plaintiffs contend further investigation has revealed that full discovery will be time intensive and costly. In short, this case did not proceed as plaintiffs thought it would, and upon review, they seek dismissal based on the unexpected time and cost. Plaintiffs' explanation weighs in favor of granting their motion to dismiss without prejudice.

### C. Plaintiffs' Undue Delay or Lack of Diligence in Prosecuting the Action

Defendants contend that plaintiffs did not pursue the case diligently because plaintiffs engaged in minimal discovery and failed to name experts by the deadline established in the Revised Scheduling Order. It is true: Plaintiffs did not meet their deadline to disclose their expert witnesses. These disclosures were due on May 18, 2018. Also, it is true that plaintiffs have not engaged in discovery beyond initial disclosures. And, plaintiffs did not seek to modify or extend their discovery or disclosure deadlines after defendants filed their fourth Motion to Dismiss on March 15, 2018. Doc. 33; *see also* Fed. R. Civ. P. 16(b)(4) (scheduling orders modifiable "only for good cause and with the judge's consent").

But, plaintiffs contend their delay was justified. According to plaintiffs, the parties effectively stayed discovery until defendants filed an Answer, and that they would have moved to amend the Revised Scheduling Order had they chosen to proceed. Discovery began in earnest after defendants filed their Answer in June 2018: defendants filed their first set of discovery requests on August 2, 2018. Doc. 42. And plaintiffs have submitted emails showing that both parties recognized the need to extend discovery deadlines beyond those established by the Revised Scheduling Order. Doc. 50-2 at 6. Also, when viewing plaintiffs' diligence prosecuting the action over two years, plaintiffs have responded diligently and successfully to each of defendants' four Motions to Dismiss and have amended their Complaint twice. Both parties raise valid arguments, but the court finds that this factor weighs in plaintiffs' favor, if slightly.

### D. Plaintiffs' Diligence in Moving to Dismiss

Plaintiffs argue that they seek to dismiss this action because the time and costs of litigation have grown too great after more than two years of litigation. Defendants argue that plaintiffs have filed their motion on "the eve of the discovery and dispositive motion cutoffs and

after significant events in the case, such as expert disclosures, have passed." Doc. 47 at 3. Plaintiffs filed their motion on October 15, 2018. Doc. 45. Plaintiffs' expert disclosure deadline was May 18, 2018. Doc. 35 at 1. The discovery deadline was November 2, 2018, and the dispositive motion deadline was November 9, 2018. *Id.*

Notwithstanding the timing of plaintiffs' filings, the court is persuaded plaintiffs acted diligently in moving to dismiss. The court denied defendants' fourth Motion to Dismiss on June 6, 2018. Defendants then filed an Answer on June 20, 2018. Plaintiffs asked defendants to agree to a stipulation of dismissal without prejudice on September 18, 2018. Doc. 50-2 at 5. After defendants declined to stipulate on October 12, 2018, plaintiffs moved for voluntary dismissal the next business day. Doc. 45. In light of plaintiffs' proffered explanation for seeking dismissal, the court finds they moved with reasonable diligence to dismiss. This factor weighs in plaintiffs' favor.

### E. The Present Stage of The Litigation

Plaintiffs argue that—given the case's procedural history and delays in this case—the parties have conducted virtually no discovery and are nowhere near ready for trial. Defendants contend that the parties are at a late stage of the litigation because of the (now-passed) dispositive motion deadline and an upcoming trial date in July 2019.

Although the case has been pending for two years, the case still occupies its procedural infancy. *Lienemann*, 2009 WL 1505542, at *4 ("No depositions have yet been taken. Significantly, this is not a situation where either the pretrial conference has been held and the case is on the verge of trial, or where the plaintiff is seeking to dismiss the case because the defendants have filed a summary judgment motion."); *cf. Hall v. Great S. Bank*, No. 09-2600-CM, 2010 WL 4366110, at *1 (D. Kan. Oct. 28, 2010) (finding litigation was at the "late stage of

the proceedings" after "parties [had] completed discovery" and "the Pretrial Order [had] been entered").

Here, the parties have engaged only in limited discovery—*e.g.*, they have taken no depositions. No pretrial conference has been held. Trial is five months away. And, defendants did not file their Motion for Summary Judgment until three weeks after plaintiffs moved to dismiss. *See Ledford*, 2017 WL 2556020, at *4 ("Additionally, Defendant filed its recent motion for summary judgment . . . *after* Plaintiff's motion to dismiss; therefore the preparation of the summary judgment motion will not be taken into consideration of the earlier request for dismissal."). The court thus finds that this factor favors granting plaintiffs' motion to dismiss without prejudice.

After considering the relevant factors, the court concludes they favor dismissal without prejudice. To wit: (1) defendants have not shown they have extended significant efforts and expense on trial preparation; (2) plaintiffs have not unduly delayed or lacked diligence in prosecuting the action; (3) plaintiffs have proffered an adequate explanation for the need for dismissal; (4) plaintiffs have been reasonably diligent in moving to dismiss; (5) the present stage of litigation shows that discovery has just begun and trial is five months away; and (6) to the extent voluntary dismissal imposes any legal prejudice on defendants —whether by of duplicative expenses or otherwise—the court-imposed conditions on dismissal will ameliorate that prejudice. Having found that dismissal without prejudice is appropriate, the court now considers the conditions on dismissal, below.

## IV.    Conditions on Dismissal

Defendants request both their costs and attorneys' fees if the court grants plaintiffs' Motion for Voluntary Withdrawal Without Prejudice. The court should impose only those

conditions that will "alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Am. Nat'l Bank & Trust Co.*, 931 F.2d at 1412. Generally, conditions should include at least the payment of taxable costs, but may also include the payment of attorneys' fees, other expenses, or requirements for using discovery in the re-filed case. *See Gonzales*, 206 F.R.D. at 283. "In ordering the payment of costs as a condition, the court cannot include those expenses for items that will be useful in another action or that were incurred unnecessarily." *Id.* (quotation marks and citations omitted). The moving party "must be given a reasonable opportunity to withdraw his motion if he finds those conditions unacceptable or too onerous." *Id.* (internal citations and quotations omitted).

### 1. Costs

Federal Rule of Civil Procedure 54 entitles defendants, as prevailing parties, to recover costs. Generally, a prevailing party is entitled to costs under Rule 54(d)(1). And, "in cases not involving a settlement, when a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party." *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995). The court must give "a valid reason for not awarding costs to a prevailing party." *Id.*

Plaintiffs contend that the court should apply Rule 41(d) only to impose costs upon plaintiffs' refiling of the action. But, "terms and conditions typically should include at least the payment of taxable costs[.]" *Gonzales*, 206 F.R.D. at 283; *see also AgJunction LLC*, 2015 WL 416444, at *12. Plaintiffs cite no case law to the contrary, and so the court finds that—should plaintiffs not withdraw their motion—defendants are entitled to recover their taxable costs. As a result, the court will consider a bill of costs from defendants filed under D. Kan. Rule 54.1.

### 2. Attorneys' Fees

The court also will condition refiling on the payment of defendants' reasonable duplicative attorneys' fees, if any. The court would evaluate and calculate such fees at the end of a subsequently filed lawsuit. "[C]ourts typically impose a condition requiring plaintiffs to pay for duplicative expenses *upon refiling*." *Lienemann*, 2009 WL 1505542, at *4 (emphasis added). So, the attorneys' fees are limited to those that will not prove useful in subsequent litigation. *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997); *Cauley v. Wilson*, 754 F.2d 769, (7th Cir. 1985) ("Thus the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim.").

Plaintiffs contend that the court should not award attorneys' fees because Tenth Circuit case law directs that such awards are only appropriate under "exceptional circumstances." *See* Doc. 50 at 9 (quoting *AeroTech*, 110 F.3d at 1528). Plaintiffs misread *AeroTech*, where the Tenth Circuit drew a clear distinction between dismissals *with* prejudice and dismissals *without* prejudice:

> When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him. In contrast, when a plaintiff dismisses an action with prejudice, attorneys' fees are usually not a proper condition because the defendant cannot be made to defend again.

*AeroTech*, 110 F.3d at 1528. Plaintiffs request a dismissal without prejudice, and so, the district court may impose the reimbursement of attorneys' fees as a condition on refiling.

To the extent that defendants incur any duplicative attorneys' fees from a subsequent filing, the court will permit their recovery. At this stage, defendants have made no showing that any fees would be duplicated. So, defendants may seek recovery for duplicative expenses at the

end of a subsequent lawsuit *if* plaintiffs actually file a subsequent lawsuit actually and *if* defendants incur duplicative expenses.  At the end of the subsequent lawsuit, defendants may move the court for reimbursement, but defendants must provide a detailed showing of the fees and expenses incurred that defendants believe are duplicative.  The court will retain jurisdiction over this case, but only for this limited issue.  *AgJunction LLC*, 2015 WL 416444, at *6 (citing *Conley v. Dickson*, No. 06-4017 SAC, 2006 WL 3241114, at *1 (D. Kan. Nov. 7, 2006)).

**V.      Conclusion**

For these above reasons, the court concludes that defendants will not suffer legal prejudice if the court dismisses this case without prejudice.  But the court imposes certain conditions, including costs, on this dismissal.  First, plaintiffs have proposed that all pleadings, orders, rulings, and disclosures and documents exchanged may be used in any further proceeding.  The court thus imposes that condition on any future lawsuit plaintiffs file, which reasserts the claims made in their Second Amended Complaint.  Second, the court will hold plaintiffs liable for duplicative attorneys' fees incurred by defendants in a subsequent lawsuit, contingent on defendants' detailed submission and the court's approval.

Plaintiffs may withdraw their motion if they do not wish the court to bind it by these conditions.  The court will permit plaintiffs to withdraw their motion if they file a statement with the court indicating their intent to do so within 21 days of the entry of this Order.  If plaintiffs have not withdrawn their motion by this deadline, the court will (1) grant plaintiffs' Motion to Dismiss Without Prejudice (Doc. 45), subject to the conditions recited in this Order; and (2) allow defendants to seek their costs consistent with this opinion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs have 21 days from the entry of this Order to file a statement with the court withdrawing their Motion for Voluntary Dismissal Without Prejudice (Doc. 45).

**IT IS FURTHER ORDERED THAT** if plaintiffs have not withdrawn their motion by the 21-day deadline, the court will grant plaintiffs' Motion for Voluntary Dismissal Without Prejudice (Doc. 45), subject to the conditions cited therein.

**IT IS FURTHER ORDERED THAT** if, but only if, plaintiffs' Motion for Voluntary Dismissal Without Prejudice (Doc. 45) is granted, then defendants' Motion for Summary Judgment (Doc. 48) will be denied as moot.

**IT IS SO ORDERED.**

**Dated this 6th day of February, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**